# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 22, 2021

```
* * * * * * * * * * * * * * *   *
SHARON HUGHES,                   *      UNPUBLISHED
                                 *
             Petitioner,         *      No. 18-1895V
                                 *
v.                               *      Special Master Dorsey
                                 *
SECRETARY OF HEALTH              *      Ruling on Entitlement; Influenza ("Flu")
AND HUMAN SERVICES,              *      Vaccine; Shoulder Injury Related to
                                 *      Vaccine Administration ("SIRVA").
             Respondent.         *
                                 *
* * * * * * * * * * * * * * *   *
```

Milton Clay Ragsdale, Ragsdale LLC, Birmingham, AL, for petitioner.
Benjamin P. Warder, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On December 10, 2018, Sharon Hughes ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that she suffered a right shoulder injury as the result of an influenza ("flu") vaccination she received on October 30, 2017. Petition at 1 (ECF No. 1).

---

[1] Because this Ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

A fact hearing was held on May 18, 2021, in which the undersigned found by preponderant evidence that the onset of petitioner's shoulder injury occurred within 48 hours of her flu vaccination.  See Ruling of Fact dated June 7, 2021, at 2 (ECF No. 43).

On July 22, 2021, respondent filed an amended report pursuant to Vaccine Rule 4(c) in which he conceded that petitioner is entitled to compensation in this case.  Amended Respondent's Report ("Am. Resp. Rept.") at 2.  Respondent stated, "[t]he facts of this case, as reflected in the Petition and accompanying documents, have been reviewed by the medical personnel of the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP").  DICP elects not to defend this case."  Id.  "Respondent recommends that the Court issue an entitlement decision, which recognizes that respondent elects not to defend this case."  Id. at 9.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required.  § 13; Vaccine Rule 8(d).  In light of respondent's position not to defend the case, and based upon a review of the record, and the respondents request that the undersigned issue an entitlement decision, the undersigned finds that petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master